■ TOMMIE FAIR, SR., Respondent, v CONDREN REALTY MANAGEMENT CORP. et al., Defendants. BABCHIK & YOUNG, LLP, Appellant. [857 NYS2d 830]—

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered October 10, 2007. The order imposed a sanction on the law firm of Babchik & Young, LLP.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the sanction imposed is vacated.

Memorandum: Appellant, Babchik & Young, LLP (B & Y), the law firm representing defendants in this personal injury action, maintains its offices in White Plains, New York. In advance of a court-ordered pretrial conference, B & Y retained local counsel to appear at the conference in Onondaga County. The record does not reflect whether B & Y advised Supreme Court in advance that it had retained local counsel to act of counsel on behalf of defendants. Nonetheless, the court conducted the conference with local counsel, who appeared with knowledge of the matter and with settlement authority. Despite negotiations, including several telephone calls between local counsel and B & Y, as well as subsequent telephone calls between B & Y, defendants, and defendants' insurance carrier, the matter did not settle. B & Y appeals from an order imposing a $750 sanction based on its failure to appear at the pretrial conference.

The record contains a letter from the court to B & Y setting forth that the court had denied the request of B & Y for permission to appear at the pretrial conference by telephone and that, "[n]otwithstanding this Court's directive, you failed to personally appear at the conference . . . Instead, without Court permission, you retained a local attorney to appear at the pretrial conference in your stead." By its letter, the court provided B & Y the opportunity "to be heard, in person," prior to the court's imposition of a sanction in the amount of $1,000 pursuant to 22 NYCRR 130-2.1 (d), based on the failure of B & Y to appear at the pretrial conference. In response thereto, an attorney from B & Y submitted a letter to the court in which he stated, inter alia, that local counsel was retained because it was more cost effective for his "financially distressed" clients to do so. Following an appearance by the law firm, the court sanctioned B & Y in the amount of $750.

We agree with B & Y that sanctions were not warranted in this matter. Pursuant to 22 NYCRR 130-2.1 (a), "the court, in

its discretion, may impose financial sanctions . . . upon any attorney who, without good cause, fails to appear at a time and place scheduled for an action or proceeding to be heard before a designated court." 22 NYCRR 130-2.1 (b) sets forth factors to consider in determining whether an attorney's failure to appear was without good cause and, in view of those factors, we cannot agree with the court that B & Y's failure to appear personally was without good cause. The record establishes that the court conducted the settlement conference as scheduled with local counsel and that local counsel was prepared for the conference and arrived with settlement authority. In addition, there is no evidence that B & Y previously had failed to attend a pretrial conference or any proceeding in this case, or that it previously was sanctioned for failing to appear at a conference or proceeding in this case or in any matter. Thus, although B & Y should have notified the court and opposing counsel in writing that local counsel had been retained of counsel to appear at the settlement conference for defendants, we nevertheless conclude that the imposition of a sanction was not warranted. Present—Scudder, P.J., Martoche, Smith, Lunn and Peradotto, JJ.